UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN-LAURENT LARROUDE, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

TISON GROUP INC., BARACHOU, LLC, and BARACHOU NYC LLC, and BARACHOU WV LLC, and REBECCA TISON, individually,

Defendants.

**COMPLAINT**

**Docket No.: 1:25-cv-10324**

Jury Trial Demanded

Plaintiff, KEVIN-LAURENT LARROUDE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TISON GROUP INC., BARACHOU, LLC, and BARACHOU NYC LLC, and BARACHOU WV LLC (all four together as, the "Corporate Defendants"), and REBECCA TISON, individually, (together with Corporate Defendants, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 146-1.4; (iii) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (v) the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); (vi) the New York Equal Pay Law, NYLL § 194; (vii) the anti-sex/gender discrimination provisions of the New York State Human Rights Law, Executive Law Sections 290 *et seq*. ("NYSHRL"); (viii) the anti-sex/gender discrimination provisions of Title 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law ("NYCHRL"); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a parent corporation and three of its subsidiaries that collectively operate as a single enterprise to run two Manhattan-based pastry shops, and its owner and day-to-day overseer - - as a non-managerial pastry chef, from on or about September 15, 2023 until on or about September 12, 2024, and approximately from April 1, 2025 through July 15, 2025. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for the hours that he worked per week in excess of forty. Rather, Defendants paid Plaintiff at his regular hourly rate for all hours worked, and therefore failed to pay Plaintiff his overtime premiums for each hour worked in excess of forty each week.

3. Defendants further violated the NYLL and NYCRR by failing to furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at his time of

hire, that contained the specifically enumerated criteria, as NYLL §§ 195(3) and (1) respectively require.

4. Defendants paid and treated all of their non-managerial employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

7. Making matters worse, Plaintiff, who is male, alleges that Defendants discriminated against him on the basis of his sex/gender, by decreasing his hourly rate to pay him a less wages than Defendants' female employees who were in the same position and performed the same work that he did, but had less experience, and by terminating his employment.

8. Accordingly, on an individual basis only, Plaintiff brings equal pay and discrimination claims under the EPA, NYLL, NYSHRL, and NYCHRL based on Defendants' conduct.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

11. At all times during the Relevant Period, Plaintiff, who is male, worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, EPA, NYLL, NYCRR, NYSHRL, and NYCHRL.

12. At all relevant times herein, Defendant Tison Group Inc. was and is a New York corporation with its principal place of business located at 15 8th Avenue, New York, New York 10014, and which is registered with the New York State Department of State to receive service of process care of Peyrot & Associates P.C., at 62 William Street 8th Floor, New York, New York 10005.

13. At all relevant times herein, Defendant Barachou, LLC, was and is a New York limited liability company and subsidiary of Tison Gorup Inc., with its principal place of business located at 15 8th Avenue, New York, New York 10014, and which is registered with the New York State Department of State to receive service of process at 500 West 56th Street, Manhattan, New York 10019.

14. At all relevant times herein, Defendant Barachou NYC LLC, was and is a New York limited liability company and subsidiary of Tison Gorup Inc., with its principal place of

business located at 449 Amsterdam Avenue, New York, New York 10024, and which is registered with the New York State Department of State to receive service of process at that same address.

15. At all relevant times herein, Defendant Barachou WV LLC, was and is a New York limited liability company and subsidiary of Tison Gorup Inc., with its principal place of business located at 15 8th Avenue, New York, New York 10014, and which is registered with the New York State Department of State to receive service of process care of Peyrot & Associates P.C., at 62 William Street 8th Floor, New York, New York 10005.

16. At all relevant times herein, Defendant Tison, who is female, was and is the owner and day-to-day overseer of the Corporate Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, including those matters with respect to Plaintiff.

17. At all relevant times herein, Corporate Defendants operated as a single enterprise in that: Defendant Tison owned, operated, and oversaw the Corporate Defendants; the Corporate Defendants, at Tison's express direction, interchangeably shared offices, employees and equipment such as food, machines, wrappers, and boxes, to carry out the needs of the business; and the entities are commonly owned and controlled financially by Tison.

18. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA, and thus, the EPA, and the NYLL. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operates a business that purchases and sells numerous products that have moved across state lines, such as flour, butter, coffee, and other

ingredients for catering and entrées. Defendants also accept payments in cash that naturally moves across state lines and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

19. At all relevant times herein, all Defendants were "employers" within the meaning of the NYSHRL and NYCHRL, as they employ four or more, and thus, one or more employees in New York.

**COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

21. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

22. At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times

their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff lodged multiple complaints, specifically to Defendant Tison, that Defendants were not paying him for his overtime hours worked in accordance with the law, but Defendants continued to not pay him overtime premiums for the hours that he worked in excess of forty each week.

23. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

24. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

25. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

26. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York as laborers or in a similar position ("Rule 23 Plaintiffs").

Numerosity

27. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

Typicality of Claims and/or Defenses

28. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

29. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime

compensation at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and also did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

30. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

31. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

32. Any lawsuit brought by any non-managerial employees of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

33. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

34. Corporate Defendants, as described above are four legally distinct entities that together operate as a single enterprise to run two Manhattan-based pastry shops, located at 15 8th Avenue, New York, New York, and 449 Amsterdam Avenue, New York, New York.

35. Defendant Tison is the Corporate Defendants' owner and day-to-day overseer, who, in that role, controls the terms and conditions of employment for all of its employees, in that she has and exercises the power to hire and fire all employees, supervises and controls employee work schedules, determines the rate and method of wages paid to all employees, and was and is responsible for maintaining employment records. To that end, Tison personally hired Plaintiff, set Plaintiff's rate of pay, determined his weekly schedule, terminated Plaintiff, and should have maintained Plaintiff's employment records.

36. Plaintiff worked for Defendants as a non-managerial pastry chef from on or about September 15, 2023 until on or about September 12, 2024, and approximately from April 1, 2025 through July 15, 2025. Plaintiff primarily performed his work at Defendants' 15 8th Avenue, New York, location, but in 2025 would also work at Defendants' 449 Amsterdam Avenue, New York, location approximately twice per week.

37. As a non-managerial pastry chef, Plaintiff's primary job duties consisted of preparing food, ensuring that orders went out in a timely manner, and maintaining the cleanliness of the kitchen.

38. Regardless of the location at which he worked, throughout his employment, Defendants required Plaintiff to work, and Plaintiff generally did work, five days per week, either Tuesday through Saturday or Thursday through Monday, from approximately 5:30 a.m. until approximately 3:00 p.m., without any uninterrupted break during each shift, for a total of approximately forty-seven and one-half hours per week, although his hours would often slightly vary depending on Defendants' assigned scheduling.

39. Throughout Plaintiff's employment, Defendants paid Plaintiff at a flat hourly rate for all of his hours worked as follows:

a. From the beginning of his employment until on or about January 4, 2024, $28.00 per hour;

b. From in or about January 5, 2024 through March 7, 2024, $22.00 per hour;

c. From March 8, 2024 through September 12, 2024, $25.00 per hour; and

d. From on or about April 1, 2025 through the end of his employment, $22.00 per hour.

Defendants paid Plaintiff at a flat hourly rate for each hour Plaintiff worked. Thus, at no time throughout Plaintiff's employment did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay, for any hours that he worked in excess of forty each week.

40. By way of example only, for the week of April 19 through April 25, 2024, Defendants required Plaintiff to work, and Plaintiff did work, a total of approximately forty-seven and one-half hours, according to the following schedule, without any uninterrupted breaks, throughout the week:

Friday, April 19, 2024: 5:30 a.m. to 3:00 p.m.;

Saturday, April 20, 2024: 5:30 a.m. to 3:00 p.m.;

Sunday, April 21, 2024: off;

Monday, April 22, 2024: off;

Tuesday, April 23, 2024: 5:30 a.m. to 3:00 p.m.;

Wednesday, April 24, 2024: 5:30 a.m. to 3:00 p.m.; and

Thursday, April 25, 2024: 5:30 a.m. to 3:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff at his flat hourly rate of $25.00 per hour for each hour worked, and thus Defendants failed to pay Plaintiff at his overtime rate of $37.50 for each of the seven and one-half hours that he worked in excess of forty hours that week.

41. Defendants paid Plaintiff on a weekly basis, by check.

42. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his regular and overtime rates of pay, and his regular and overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

43. Additionally, at his time of his hire, Defendants failed to provide Plaintiff a wage notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein.

44. Defendants treated Plaintiff, FLSA Plaintiffs, Rule 23 Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

45. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

46. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

47. Making matters significantly worse, Plaintiff alleges that on or about January 5, 2024, Defendants discriminated against him on the basis of his sex/gender by reducing his hourly rate from $28.00 to $22.00, despite having initially agreed to compensate him at the $28.00 per hour rate, and by doing the same again on or about April 1, 2025, when Defendants decreased his hourly rate from $25.00 to $22.00. Defendants did not decrease the hourly rate of any of their female employees at either of these times, and continued to regularly compensate their female pastry chefs, who worked similar hours to Plaintiff but had less experience than Plaintiff, some of whom were new hires, at higher hourly rates than Plaintiff. Indeed, one of Defendants' newly hired pastry chefs, who was female, and had significantly less experience than Plaintiff, received a starting hourly rate of $23.00 after Plaintiff's hourly rate had been reduced. If not for Defendants' preference toward its female employees, and against Plaintiff on the basis of his sex/gender, Plaintiff's hourly rate would not been reduced.

48. Moreover, on or about July 15, 2025, Defendant Tison, on behalf of Defendants, terminated Plaintiff's employment on the basis of his sex/gender.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

65. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

66. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

**<u>FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS</u>**
*<u>Failure to Furnish Accurate Wage Notices in Violation of the NYLL</u>*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

70. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage notice that accurately contained all of the criteria that the NYLL requires.

71. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

**<u>FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS</u>**
*<u>Unequal Pay Under the EPA</u>*

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. 29 U.S.C. § 206(d)(1) requires that employers pay employees of one sex wages equal to those paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

74. As described above, Defendants are employers within the meaning of the EPA, while Plaintiff was an employee within the meaning of the EPA.

75. As also described above, Plaintiff performed work requiring equal skill, effort, and responsibility as female employees employed by Defendants, under similar working conditions, yet Defendants paid him wages lower than those paid to such female comparators.

76. Defendants willfully violated the EPA.

77. Plaintiff is entitled to recover the amount of the wage differentials that he was unlawfully denied.

78. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the EPA.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unequal Pay Under the NYLL*

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL § 194 requires that employers pay employees of one sex the same wage rates as employees of the opposite sex for work that is substantially similar, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

81. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff was an employee within the meaning of the NYLL.

82. As also described above, Plaintiff performed work that was substantially similar to that performed by female employees employed by Defendants, yet Defendants paid him wages lower than those paid to such female comparators.

83. Plaintiff is entitled to recover the amount of the wage differentials that he was unlawfully denied.

84. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 194.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Sex/Gender Discrimination Under the NYSHRL*

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. The NYSHRL requires employers to provide their employees with a workplace free from discrimination on the basis of gender/sex.

87. As described above, Plaintiff was an "employee" within the meaning of the NYSHRL, while Defendants were and are "employers" within the meaning of the NYSHRL.

88. As also described above, Defendants paid Plaintiff less than female employees who were similarly-situated to him and terminated Plaintiff's employment on the basis of his sex/gender.

89. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

90. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

91. Plaintiff is also entitled to attorneys' fees for Defendants' violations of the NYSHRL.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Sex/Gender Discrimination Under the NYSHRL*

92. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93. The NYCHRL requires employers to provide their employees with a workplace free from discrimination motivated by or on the basis of, inter alia, an employee's gender/sex.

94. As described above, Plaintiff was an "employee" within the meaning of the NYCHRL, while Defendants were and are "employers" within the meaning of the NYCHRL.

95. As also described above, Defendants paid Plaintiff less than similarly-situated female employees, and terminated his employment on the basis of his sex/gender.

96. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of career fulfillment, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

97. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

98. Plaintiff is also entitled to attorneys' fees for Defendants' violations of the NYCHRL.

**DEMAND FOR A JURY TRIAL**

99. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York State, and New York City laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with his unequal pay and discrimination claims, whether legal or equitable, including pay differential, back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for the Defendants' unlawful conduct, to the extent recoverable by law;

k. Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish as provided by law in connection with his discrimination claims;

l. Granting an award of punitive damages to Plaintiff commensurate with the Defendants' ability to pay and as provided by law, in connection with his discrimination claims;

m. Awarding pre-judgment and post-judgment interest, as provided by law; and

n. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
December 12, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
ANDREW C. WEISS (5560537)
MICHAEL J. BORRELLI (MB 8533)