UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN-LAURENT LARROUDE, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

TISON GROUP INC., BARACHOU, LLC, and BARACHOU NYC LLC, and BARACHOU WV LLC, and REBECCA TISON, individually,

Defendants.

**Docket No.:** 1:25-cv-10324-RA

**PLAINTIFF'S MEMORANDUM OF LAW**
**<u>IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</u>**

Andrew C. Weiss, Esq.
Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

STATEMENT OF RELEVANT FACTS ....................3

STANDARD OF REVIEW ....................3

ARGUMENT ....................5

I. Plaintiff Easily Satisfies the Pleading Standard for his FLSA and NYLL Overtime Claims. ....................5

II. Defendants' Contention That All Claims Should be Dismissed Against Defendants Tison Group, Inc. and Barachou LLC is Meritless. ....................6

III. Plaintiff Plausibly Pleads Gender Discrimination Claims. ....................8

IV. Defendants' Commentary on Plaintiff's Immigration Status is Irrelevant. ....................10

CONCLUSION ....................11

CERTIFICATION ....................12

# TABLE OF AUTHORITIES

## Cases

*Arar v. Ashcroft*,
585 F.3d 559 (2d Cir. 2009)........ 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........ 3, 4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87, 98 (2d Cir. 2007)........ 3

*Ayers v. Bloomberg LP*,
203 A.D.3d 872 (2d Dept., 2022)........ 4

*Bautista v. PR Gramercy Square Condo.*,
642 F. Supp. 3d 411 (S.D.N.Y. 2022)........ 7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........ 3

*Chambers v. Time Warner, Inc.*,
282 F.3d 147, 153 (2d Cir. 2002)........ 3

*Cherner v. CF Bankshares Inc.*,
2025 WL 1745864 (S.D.N.Y. June 23, 2025)........ 8

*Colon v. Major Perry St. Corp.*,
987 F. Supp. 2d 451 (S.D.N.Y. 2013)........ 10

*Cortlandt St. Recovery Corp. v. Booipnderman*,
2024 N.Y. Slip Op. 01250 (1st Dept. Mar. 7, 2024)........ 6

*Cresci v. Mohawk Valley Community College*,
693 Fed. Appx. 21 (2d Cir. 2017)........ 11

*Farmer v. Shake Shack Enters., LLC*,
473 F. Supp. 3d 309 (S.D.N.Y. 2020)........ 7

*Faulkner v. Beer*,
463 F.3d 130, 134 (2d Cir. 2006)........ 6

*Flores v. Amigon*,
233 F. Supp. 2d 462 (E.D.N.Y. 2002) ... 10

*Glob. Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006) ... 3

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016) ... 3

*Herrera v. Comme des Garcons, Ltd.*,
84 F.4th 110 (2d Cir. 2023) ... 5

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
62 F.3d 69 (2d Cir. 1995) ... 3

*Juarez v. 449 Rest., Inc.*,
29 F. Supp. 3d 363 (S.D.N.Y. 2014) ... 7

*Klein v. New York Univ.*,
2008 WL 3843514, (S.D.N.Y. Aug. 14, 2008) ... 9

*Leon v. Martinez*,
84 N.Y.2d 83 (1994) ... 4

*Leon v. Rockland Psychiatric Ctr.*,
232 F. Supp. 3d 420 (S.D.N.Y. 2017) ... 1

*Littlejohn v. City of New York*,
795 F.3d 297, 310, 311 (2d Cir. 2015) ... 4

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013) ... 5

*Lynch v. City of New York*,
952 F.3d 67 (2d Cir. 2020) ... 3

*Moore v. Town of Webster, New York*,
2025 WL 1549029 (W.D.N.Y. May 30, 2025) ... 3

*Ortiz v. Consol. Edison Co. of New York, Inc.*,
801 F. Supp. 3d 260 (S.D.N.Y. 2025) ... 7

*Robinson v. De Niro*, 739 F. Supp.
3d 33 (S.D.N.Y. 2023) ... 9

*Rodriguez v. Pie of Port Jefferson Corp.*,
48 F. Supp. 3d 424 (E.D.N.Y. 2014) ........................................................................ 10

*Sanchez v. El Rancho Sports Bar Corp.*,
2014 WL 1998236 (S.D.N.Y. May 13, 2014) ........................................................... 10

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72, 82–86 (2d Cir. 2015)........................................................................... 4

*Zeng Liu v. Donna Karan Int'l, Inc.*,
207 F. Supp. 2d 191 (S.D.N.Y. 2002)...................................................................... 10

*Zimmermann v. Assocs. First Cap. Corp.*,
251 F.3d 376 2d Cir. 2001)...................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................ 1, 2, 3

**PRELIMINARY STATEMENT**

In this putative collective and class wage and hour matter arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), which also brings claims on an individual basis arising under the Equal Pay Act ("EPA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), Plaintiff Kevin-Laurent Larroude, submits this memorandum of law in opposition to the motion to dismiss that Defendants Tison Group Inc., Barachou, LLC, Barachou NYC LLC, Barachou WV LLC, and Rebecca Tison, individually, filed on February 12, 2026, ("Def. Mot.") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) based on the alleged failure to state a claim upon which relief can be granted in Plaintiff's Complaint filed on December 12, 2025 (ECF 1) ("Complaint").

Defendants' motion to dismiss is not a serious application of Rule 12(b)(6). From the outset, Defendants purport to seek dismissal of Plaintiff's Complaint "in its entirety," yet Defendants only make argument concerning Plaintiff's overtime claims, whether Tison Group Inc. and Barachou LLC were Plaintiff's employers, and Plaintiff's gender discrimination claims. Defendants provide no argument for dismissal of Plaintiff's NYLL wage statement claim, NYLL wage notice claim, EPA claim, or NYLL unequal pay claims. Thus, the Court should deny dismissal of those claims summarily for the simple reason that Defendants did not even attempt to meet their burden as movants. *See Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 426–27 (S.D.N.Y. 2017) ("On a Rule 12(b)(1) motion . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6).") (internal quotation and citation omitted).

The remainder of Defendants' motion relies on the demonstrably false assertion that Plaintiff failed to approximate his overtime hours, an inapposite state appellate summary judgment decision on veil piercing, and a misstatement of the pleading burden for discrimination claims. Indeed, Defendants' motion presents three flawed premises, to wit, that: (i) Plaintiff failed to approximate his overtime hours; (ii) certain corporate defendants must be dismissed based on a New York veil-piercing case decided at summary judgment; and (iii) Plaintiff did not plead a *prima facie* case of discrimination. These arguments all fail because each misunderstands the Rule 12(b)(6) standard and ignores the factual allegations in Plaintiff's Complaint.

As to Defendants' first argument, contrary to their contention that Plaintiff does not "even allege a general approximation" of his hours, the Complaint provides an estimation of Plaintiff's precise schedule, his weekly hours, his pay rates, and a detailed exemplar workweek, all of which identify Defendants' failure to properly compensate him for his overtime hours. *See* Compl. at ¶¶ 36 - 40. Thus, Defendants' assertion is objectively incorrect. As to Defendants' second argument, Defendants rely on a case concerning the New York Appellate Division's review of a summary judgment decision concerning post-judgment veil piercing to argue dismissal at the pleading stage in a federal wage-and-hour case. The mismatch between the authority cited and the procedural posture here only underscores the lack of merit in Defendants' motion, as Plaintiff has properly alleged facts sufficient to support single enterprise and joint employer relationships between all corporate Defendants. Last, concerning Plaintiff's gender discrimination claims, Plaintiff alleges that his hourly rate was reduced while similarly-situated female pastry chefs were not reduced, and otherwise paid more, that a newly hired female employee received a higher rate after his reduction, and that he was terminated on the basis of his sex/gender. *See* Compl. at ¶¶ 47–48. These concrete, comparator-based allegations are more than sufficient at the pleading stage.

Thus, the Court should deny Defendants' motion in its entirety.

## STATEMENT OF RELEVANT FACTS

The Court is respectfully referred to the allegations in Plaintiff's Complaint (ECF 1), which alone the Court must accept as true on this motion.

## STANDARD OF REVIEW

A complaint survives dismissal where it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept well-pleaded facts as true and draw all reasonable inferences in Plaintiff's favor. *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020); *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009); *see also Moore v. Town of Webster, New York*, 2025 WL 1549029, at *1 (W.D.N.Y. May 30, 2025) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006)) ("The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) 'is to test . . . the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'").

On a Rule 12(b)(6) motion, the Court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). That universe generally includes documents attached to the complaint, incorporated by reference, or "integral" to it. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Additionally, in employment discrimination cases, the pleading requirements are "reduced" and afford a "benefit to plaintiffs" which the Second Circuit has carefully delineated. *See Littlejohn v. City of New York*, 795 F.3d 297, 310, 311 (2d Cir. 2015) (analyzing the framework established by the Supreme Court in *McDonnell Douglas*, *Swierkiewicz*, and *Iqbal*); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–86 (2d Cir. 2015) (same). At the pleading stage, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *Vega*, 801 F.3d at 84. "[A] plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega*, 801 F.3d at 84.

> In making the plausibility determination, the court must be mindful of the "elusive" nature of intentional discrimination. As we have recognized, "clever men may easily conceal their motivations." . . . [P]laintiffs must rely on "bits and pieces" of information to support an inference of discrimination, *i.e.* a "mosaic" of intentional discrimination."

*Id.* at 86 (citations omitted). "Finally, courts must remember that 'the plausibility standard is not akin to a "probability requirement."'" *Id.* at 87, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standards under New York law are no less generous to employment discrimination plaintiffs. On a motion to dismiss pursuant to N.Y. CPLR 3211, the pleading is to be afforded a liberal construction, and the Court must accord the plaintiff "the benefit of every possible favorable inference." *Leon v. Martinez*, 84 N.Y.2d 83, 87 (1994). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." *Ayers v. Bloomberg LP*, 203 A.D.3d 872, 873 (2d Dept., 2022).

## ARGUMENT

### I. Plaintiff Easily Satisfies the Pleading Standard for his FLSA and NYLL Overtime Claims.

Defendants cite *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), for the proposition that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." That is correct, and Plaintiff has done precisely what is required by alleging the duration of his employment, his role, that he worked in excess of forty hours in a workweek, and that Defendants paid him at his straight-time hourly rate for all hours, thereby failing to properly pay him overtime wages. *See* Compl. at ¶¶ 35–38, 49–56 (stating specifically, *inter alia*, that Plaintiff worked "five days per week . . . from approximately 5:30 a.m. until approximately 3:00 p.m., without any uninterrupted break during each shift, for a total of approximately forty-seven and one-half hours per week."). Additionally, Plaintiff's Complaint provides a specific exemplar week, April 19 through April 25, 2024, detailing the days worked, the hours worked each day, and the total weekly hours of approximately 47.5. Compl. at ¶ 40. Thus, Plaintiff's allegations satisfy *Lundy*'s requirement that a plaintiff "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *see also Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023) (reversing the lower court's dismissal of plaintiff's FLSA claims, stating, "[w]here the Plaintiffs plausibly allege that they worked more than forty hours per week as part of their regularly scheduled workweek, they have adequately stated a claim under the FLSA and need not list the specific workweeks during which they worked more than forty hours.").

Indeed, Defendants' motion is not a legal argument so much as a conclusory assertion that "upon information and belief" there is "no overtime owed, or if so, a *di minimis* [sic] amount."

Def. Mot. at p. 7. That is precisely the kind of merits and/or damages dispute Rule 12(b)(6) does not allow, and moreover, this argument relies on a self-serving declaration from Defendant Rebecca Tison,[1] which cannot rewrite the pleadings, litigate the merits, or be considered by the Court on a motion to dismiss.

Under the relevant pleading standards, Plaintiff has alleged factual content that allows the Court to draw a reasonable inference that Defendants failed to pay overtime compensation required by the FLSA and NYLL. Nothing more is required at this stage. Thus, the Court should deny dismissal of Plaintiff's FLSA and NYLL overtime claims.

## II. Defendants' Contention That All Claims Should be Dismissed Against Defendants Tison Group, Inc. and Barachou LLC is Meritless.

Defendants' entire argument for dismissal of Plaintiff's claims against Tison Group Inc. and Barachou LLC is two sentences that do not even pertain to the sufficiency of Plaintiff's pleadings. Defendants state, "It is not controverted that Plaintiff only worked for Defendants Barachou NYC LLC and Barachou WV LLC. As such, the claims should be dismissed as against Defendants Tison Group, Inc. and Barachou LLC." *Id.* At the pleading stage, the question is not whether Defendants "concede" Plaintiff worked for two entities, it is whether Plaintiff plausibly alleges the moving entities were also his employers and liable for the statutory violations. Thus, Defendants' reliance on *Cortlandt St. Recovery Corp. v. Booipnderman*, 2024 N.Y. Slip Op. 01250 (1st Dept. Mar. 7, 2024), a state appellate division case evaluating sufficiency of evidence after discovery, is entirely misplaced.

---

[1] Defendants' reliance on the self-serving Declaration of Rebecca Tison (the "Tison Decl.") to contradict Plaintiff's well-pleaded facts is a procedural nullity under Rule 12(b)(6) and must be disregarded in its entirety. *See Faulkner v. Beer*, 463 F.3d 130, 135 (2d Cir. 2006) (vacating the lower court's dismissal of plaintiffs' claims due to its consideration of documents not integral to the complaint).

Here, Plaintiff's Complaint makes allegations including but not limited to, that the "Corporate Defendants" are "four legally distinct entities that together operate as a single enterprise to run two Manhattan-based pastry shops," that Defendant Tison was and is "the Corporate Defendants' owner and day-to-day overseer" who controls the terms and conditions of employment, including hiring/firing, schedules, and pay rates for all employees, including Plaintiff, and that all non-managerial employees were subject to the Defendants' same practice of failing to pay overtime wages. Compl. ¶¶ 22, 28, 34-35. Thus, by alleging that the four Corporate Defendants have interrelated operations, and centralized control, common management, and common ownership through Defendant Tison, Plaintiff has easily met his burden. *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (stating that the single integrated enterprise test used to determine whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."); *Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 300 (S.D.N.Y. 2025) (stating that in determining whether a person or entity is a joint employer, courts examine, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."); *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 321-322 (S.D.N.Y. 2020) (holding that plaintiff adequately pled facts on his NYSHRL claims indicating that two corporate defendants operated as his joint employers, stating "factors courts have used to examine whether an entity constitutes a joint employer of an individual include commonality of hiring, firing, discipline, pay, insurance, records, and supervision.") (internal quotations and citations omitted); *Bautista v. PR Gramercy*

*Square Condo.*, 642 F. Supp. 3d 411, 423 (S.D.N.Y. 2022) (denying defendants' motion to dismiss based on plaintiff's allegations of "facts to infer that there was commonality of hiring, firing, and pay" were sufficient to "support a joint employment relationship," under both the NYSHRL and the NYCHRL, and that "it is reasonable to conclude that at this stage of litigation, [plaintiff] lacks access to information that could further elucidate the specific relationship between these entities.").

**III. Plaintiff Plausibly Pleads Gender Discrimination Claims.**

Under the NYSHRL, "[a]t the pleading stage, the plaintiff bears only a minimal burden of showing facts suggesting an inference of discriminatory motivation." *Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 424 (S.D.N.Y. 2022) (internal quotation and citation omitted). "This inference can arise from circumstances including . . . more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Id*. (internal quotation and citation omitted). Under the NYCHRL, "a plaintiff must show only unequal treatment based upon membership in a protected class." *Id*. (internal quotation and citation omitted).

In support of their argument, Defendants merely allege that Plaintiff's allegations are "bare and boilerplate," again, by way of Defendant Tison's self-serving declaration. Def. Mot. at p. 8. To the contrary, Plaintiff's Complaint pleads specific, dated, and comparative facts. Indeed, Plaintiff alleges that Defendants discriminated against him "on the basis of his sex/gender" by reducing his hourly rate from $28.00 to $22.00 on or about January 5, 2024, and again reducing his hourly rate from $25.00 to $22.00 on or about April 1, 2025. Compl. at ¶ 47. He further alleges Defendants did not reduce the hourly rate of any female employees at either time, and instead paid female pastry chefs, who worked similar hours, had less experience, and included new hires, higher hourly rates than Plaintiff, including a newly hired female pastry chef who received an hourly rate

of $23.00 after Plaintiff's rate had been reduced. *Id*. Additionally, Plaintiff alleges that on or about July 15, 2025, Defendant Tison terminated Plaintiff "on the basis of his sex/gender." *Id*. at ¶ 48; *see also Cherner v. CF Bankshares Inc.*, 2025 WL 1745864, at *8 (S.D.N.Y. June 23, 2025) ("At this stage, Plaintiff has sufficiently cleared this "low pleading threshold" and shown an inference of discrimination by alleging that Plaintiff, a male, was treated less favorably than a less-qualified female.").

Plaintiff need only plead factual content that allows the Court to draw a reasonable inference of discrimination, and Plaintiff's specific recounting of reductions in pay in comparison to similarly-situated employees does just that. Moreover, the specific facts concerning Defendants' reductions of Plaintiff's rates of pay, in conjunction with Defendants' hiring of a new female employee whom they paid more prior to Plaintiff's termination, permit the reasonable inference that Plaintiff's termination was motivated by gender discrimination. *See id.* ("[E]ven though they may be extremely thin, such allegations constitute bits and pieces of evidence that together create a mosaic sufficient to clear the low pleading threshold and constitute an inference of discrimination.") (internal quotations and citations omitted); *see also Zimmermann v. Assocs. First Cap. Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) ("[T]he mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the *prima facie* stage.").

It is unclear whether Defendants intended to address Plaintiff's claims under the EPA and NYLL for unequal pay. To the extent considered, Plaintiff submits that his pleadings for these claims are similarly sufficient. *See Klein v. New York Univ.*, 2008 WL 3843514, at *3 (S.D.N.Y. Aug. 14, 2008) (under the Equal Pay Act, a plaintiff must allege that: "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs

requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions."); *Robinson v. De Niro*, 739 F. Supp. 3d 33, 77 (S.D.N.Y. 2023) ("An equal pay claim under New York Labor Law § 194 is analyzed under the same standards applicable to the federal Equal Pay Act.") (internal quotation and citation omitted).

Thus, the Court should deny dismissal of Plaintiff's gender discrimination claims.

**IV. Defendants' Commentary on Plaintiff's Immigration Status is Irrelevant.**

Defendants implicitly concede that their argument regarding Plaintiff's immigration status is irrelevant for the purposes of their motion yet insist on "flagging" for the Court that Plaintiff purportedly cannot be a class representative. Thus, Plaintiff similarly "flags" for Defendants the significant wealth of case law in this Circuit, District, and Court, that a plaintiff's immigration status has no bearing whatsoever on FLSA/NYLL claims concerning putative conditional and class certification, to the point that even discovery into the subject is forbidden. *See, e.g.*, *Sanchez v. El Rancho Sports Bar Corp.*, 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014) (Abrams, *J.*) ("[I]mmigration status is irrelevant to a plaintiff's right to recover under the FLSA."); *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 426 (E.D.N.Y. 2014) ("Courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable.") (internal quotation and citation omitted); *Colon v. Major Perry St. Corp.*, 987 F. Supp. 2d 451, 464 (S.D.N.Y. 2013) ("Discovery into a FLSA plaintiff's immigration status is irrelevant and impermissible."); *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002) ("courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable."); *Flores v. Amigon*, 233 F. Supp. 2d 462, 463

(E.D.N.Y. 2002) ("Numerous lower courts have held that all employees, regardless of their immigration status, are protected by the provisions of the FLSA.") (collecting cases).

## CONCLUSION

For all of these reasons, and because Defendants have failed to identify any cognizable pleading deficiency, their motion should be denied in its entirety. If the Court finds any deficiencies in Plaintiff's Complaint, then Plaintiff respectfully requests leave to amend to cure the deficiencies. *See Cresci v. Mohawk Valley Community College*, 693 Fed. Appx. 21, 24-25 (2d Cir. 2017) ("The proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient. Before learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously.").

Dated: Garden City, New York
February 23, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027

By: ______________________
ANDREW C. WEISS, ESQ.

**CERTIFICATION**

The above brief contains 3,313 words according to the word count of Microsoft Word, and thus complies with the District's Local Civil Rule 7.1.

Respectfully submitted,

ANDREW C. WEISS, ESQ.